UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELJIPIDIO ARROYO,

        Plaintiff(s),

  v.

GERBER COLLISION AND GLASS,

        Defendant(s).

NO. C07-1909MJP

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. Defendant's Motion for Summary Judgment (Dkt. No. 15)

2. Defendant's Reply in Support of Motion for Summary Judgment (Dkt. No. 18)

3. Supplemental Declaration of Justin Bolster (Dkt. No. 19)

and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that summary judgment is GRANTED, and this action is DISMISSED with prejudice.

**Background**[1]

Plaintiff, a Hispanic man, was hired as an at-will employee by Defendant in July 2005. Upon being hired, he was given an employee handbook and signed an acknowledgement of receipt form. Pltf Dep. at 14:18-23. The handbook contains a strong anti-harassment policy (the company "will not tolerate harassment of personnel by a supervisor, co-worker, vendor, customer or anyone else") and reminds employees that:

---

[1] The Court notes at the outset that Plaintiff failed to file a response to this motion; the facts of the case are drawn from Defendant's uncontroverted account of the circumstances leading up to Plaintiff's dismissal from Defendant's employment.

**ORDER ON MTN
FOR SUMM JMT - 1**

> If any person experiences or witnesses workplace harassment, they have an affirmative obligation to report such conduct to their supervisor or the Human Resources Department.

Pltf Dep., Ex. 2.

Plaintiff admitted to enjoying his work at Gerber Collision and Glass ("Gerber") and, after a month and a half of employment there, he approached management about hiring his son. Pltf. Dep. at 23:22-24, 18:20-23. Plaintiff's son was hired (Bolster Decl., Ex. C) and Plaintiff further admitted that he was happy to have his son working there. Pltf. Dep. at 19:4-6. However, on January 20, 2006, Mr. Arroyo's son was terminated from Defendant's employment.

Following his son's termination, Plaintiff's performance on the job began to suffer. He began arriving at work late and leaving early. According to the testimony of Tim Boyd, the co-worker whose commission income was dependent on Plaintiff performing his duties, Plaintiff's sub-par work ethic required Boyd to work harder and reduced the number of vehicles he could paint, which resulted in a reduction in his income. Boyd Declaration, ¶¶ 8-9.

On February 24, 2006, Plaintiff was terminated because of his unsatisfactory performance. Bolster Dec., Ex. D. Another Hispanic male was hired to replace Plaintiff. Id., Ex. E. Plaintiff conceded that he had no evidence that his termination was related to his race. Pltf. Dep. at 65:23-66:1.

Plaintiff's complaint, broadly construed, states causes of action for racial discrimination in his termination and for hostile work environment. Dkt. No. 5. The only factual allegations of racial discrimination and hostile work environment concern racial jokes Plaintiff alleges were made by co-workers. He admits that he never complained to management or the Human Resources Department about these incidents. Pltf. Dep. at 27:23-28:3, 26:5-8.

**ORDER ON MTN FOR SUMM JMT - 2**

**Discussion**

Although Defendant has presented proof that Plaintiff was served with a copy of its motion (Suppl. Decl. of Bolster, Dkt. No. 19), Plaintiff filed no responsive pleading to this motion. The Local Rules of this District permit the Court to consider such failure "as an admission that the motion has merit." CR 7(b)(2). Nevertheless, the Court is also aware of its responsibility to reach a decision on the merits, regardless of whether the non-moving party has responded.

Plaintiff's lack of a response does, however, permit the Court to find that there are no disputed issues of material fact, and proceed to a decision on the issues of law: i.e., under the facts as they have been established, is Defendant entitled to summary judgment as a matter of law? The answer is: yes.

The moving party in a summary judgment motion has the initial burden of demonstrating that summary judgment is proper. Adickes v. S.H.Kress & Co., 398 U.S. 144, 152 (1970). The Court finds that Defendant has met that burden. As Plaintiff has already admitted that he has no direct evidence of discrimination, Defendant must establish that the burden-shifting test of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) does not favor Plaintiff's claims. While Gerber concedes that Plaintiff is a member of a protected class and was discharged (two of the four McDonnell Douglas prima facie case elements), it denies that he was performing his job satisfactorily or that similarly situated co-workers outside of his protected class were treated more favorably. As evidence of this, Defendant presents (1) the testimony of co-worker Tim Boyd concerning the decline in Plaintiff's job performance (Boyd Decl.)[2] and (2) proof that another member of Plaintiff's protected class (Hispanic male Roberto Morales) was hired as his replacement (Bolster Decl., Ex. E).

In addition to challenging the validity of Plaintiff's prima facie case of discrimination, Gerber has provided nondiscriminatory reasons for Plaintiff's termination, based on his inability or

---

[2] Plaintiff's self-serving statements and subjective belief that he was meeting performance expectations are insufficient to defeat summary judgment. Bradley v. Harcourt, Brace and Co., 104 F.3d 267, 270 (9th Cir. 1996).

**ORDER ON MTN
FOR SUMM JMT - 3**

unwillingness to satisfactorily perform his assigned duties. Even if Plaintiff had presented a prima facie case, the burden would then shift to him to establish that Gerber's nondiscriminatory reasons for termination are merely pretext to a racially discriminatory motive. Plaintiff has not responded to this motion, and the Court finds no evidence of pretext on the basis of the facts as they have been presented. Additionally, Plaintiff himself conceded that he had no evidence that his termination was related to his race. Pltf. Dep. at 65:23-66:1.

Given the hiring of both Plaintiff's son and Roberto Morales by Gerber, Plaintiff was also obligated to present sufficient evidence to overcome the inference of non-discrimination arising from the "same actor" doctrine; i.e., that a person accused of discrimination against a protected class member who has hired or promoted persons from that protected class in the past benefits from a "strong inference" (short of an actual presumption, more than a "mere possible conclusion") that there was no discriminatory motive involved in his decision-making process. Coghlan v. American Seafoods Co., LLC, 413 F.3d 1090, 1098 (9th Cir. 2005). With no evidence to the contrary, Defendant is entitled to the benefit of this inference and, from the accumulation of facts and legal authority in its favor, is further entitled to summary judgment on Plaintiff's claim of racially-motivated termination.

Regarding his hostile work environment claim, Plaintiff is required to establish: (1) that he was subjected to verbal or physical conduct based on his race or national origin; (2) that the conduct was offensive; and (3) that the conduct was sufficiently severe or pervasive to materially alter the conditions of employment and create an abusive work environment. Galdamez v. Potter, 415 F.3d 1015, 1023 (9th Cir. 2005). Among the factors to be considered are "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993)

Plaintiff's allegations – basically, that on two occasions at early morning meetings, racially offensive jokes about African-Americans were made – are simply not of the nature or frequency to rise to the level of creating a hostile work environment. The comments were neither directed towards Plaintiff nor members of his ethnic group and cannot be said to have interfered with Plaintiff's work performance (as they were made in meetings at a location entirely separate from where he worked; Pltf. Dep. at 25:17-25, 26:11). Furthermore, Plaintiff conceded at deposition that he never complained to management or Human Resources about the comments (Pltf. Dep. at 26:5-8), which is both a violation of the company's anti-harassment policy and an indication of the lack of severity Plaintiff actually attributed to them.

Combined with Plaintiff's acknowledgement that he enjoyed working for Gerber and had no concerns about seeking a job for his son there (Pltf. Dep. at 19:4-6, 23:22-24), there is simply insufficient evidence in the record to support a hostile work environment claim as a matter of law. Defendant's motion for summary judgment on this claim will likewise be granted.

**Conclusion**

Plaintiff has failed to set forth either genuine issues of material fact or persuasive legal authority sufficient to defeat summary judgment on either of his claims. Accordingly, Defendant's motion for summary judgment will be GRANTED in its entirety and this matter will be DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January 8, 2009

Marsha J. Pechman
U.S. District Judge

ORDER ON MTN
FOR SUMM JMT - 5